JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**



SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    vs.

PATRIC KEN BACCAM, a/k/a Khanh Sengpraseuth,

        Defendant, and

PRECISION RESEARCH GROUP LLC, and PRIM GROUP LLC,

        Relief Defendants.

Case No. 5:17-cv-00172-SJO (SPx)

**ORDER GRANTING FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT PATRIC KEN BACCAM, AND RELIEF DEFENDANTS PRECISION RESEARCH GROUP LLC AND PRIM GROUP LLC**

1    This matter came to be heard upon the motion of Plaintiff Securities and

2    Exchange Commission ("SEC" or "Commission") for entry of a default judgment

3    against Defendant Ken Patric Baccam, a/k/a Khanh Sengpraseuth, and Relief

4    Defendants Precision Research Group LLC ("Precision Research") and Prim Group

5    LLC ("Prim Group") pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55-1.  The

6    Court has considered all of the evidence filed by the SEC in support of its motion and

7    orders as follows:

8                                          **I.**

9           IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

10   Commission's Motion for Entry of Default Judgment Against Defendant Baccam and

11   Relief Defendants Precision Research and Prim Group is **GRANTED**.

12                                         **II.**

13          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

14   Baccam is permanently restrained and enjoined from violating, directly or indirectly,

15   Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

16   U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by

17   using any means or instrumentality of interstate commerce, or of the mails, or of any

18   facility of any national securities exchange, in connection with the purchase or sale of

19   any security:

20          (a)     to employ any device, scheme, or artifice to defraud;

21          (b)     to make any untrue statement of a material fact or to omit to state a

22          material fact necessary in order to make the statements made, in the light of the

23          circumstances under which they were made, not misleading; or

24          (c)     to engage in any act, practice, or course of business which operates or

25          would operate as a fraud or deceit upon any person.

26          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

27   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

28   binds the following who receive actual notice of this Final Judgment by personal

service or otherwise:  (a) Defendant Baccam's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Baccam or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Baccam is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

> (a)     to employ any device, scheme, or artifice to defraud;

> (b)     to obtain money or property by means of any untrue statement of a
>         material fact or any omission of a material fact necessary in order to make the
>         statements made, in light of the circumstances under which they were made,
>         not misleading; or

> (c)     to engage in any transaction, practice, or course of business which
>          operates or  would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Baccam's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Baccam or with anyone described in (a).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Baccam is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by, directly or indirectly, making use of the mails or any means or instrumentalities of interstate commerce to effect transactions in, or

to induce or attempt to induce, the purchase or sale of any security, without being registered as a broker or dealer with the Commission, or being associated with a broker or dealer that is registered with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Baccam's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Baccam or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Baccam is prohibited from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Baccam, participating in the issuance, purchase, offer, or sale of any security, provided, however, that Defendant Baccam is not prohibited from purchasing or selling securities listed on a national securities exchange for his own personal accounts.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Baccam is liable for disgorgement of $332,943, representing profits gained as a result of the conduct alleged in the SEC's Complaint that is attributable solely to him, together with prejudgment interest thereon in the amount of $68,982, for a total of $401,925. Defendant Baccam and Relief Defendant Precision Research are further liable, jointly and severally, for $203,756, representing profits gained as a result of the conduct alleged in the SEC's Complaint that is attributable to both Defendant Baccam and Relief Defendant Precision Research, together with prejudgment interest thereon in the amount of $29,881, for a total of $233,637. Finally, Defendant Baccam and Relief Defendant Prim Group are liable, jointly and severally, for $94,000, representing profits gained as a result of the conduct alleged in the SEC's

1  Complaint that is attributable to both Defendant Baccam and Relief Defendant Prim

2  Group, together with prejudgment interest thereon in the amount of $17,067, for a

3  total of $111,067.

4          Defendant Baccam and Relief Defendants Precision Research and Prim Group

5  shall satisfy these obligations by making payments to the Securities and Exchange

6  Commission within 14 days after entry of this Final Judgment.  Defendant Baccam

7  and Relief Defendants Precision Research and Prim Group may transmit payment

8  electronically to the Commission, which will provide detailed ACH transfer/Fedwire

9  instructions upon request.   Payment may also be made directly from a bank account

10 via Pay.gov through the SEC website at

11 http://www.sec.gov/about/offices/ofm.htm.  Defendant Baccam and Relief

12 Defendants Precision Research and Prim Group may also pay by certified check,

13 bank cashier's check, or United States postal money order payable to the Securities

14 and Exchange Commission, which shall be delivered or mailed to

15

16                 Enterprise Services Center
                   Accounts Receivable Branch
17                 6500 South MacArthur Boulevard
                   Oklahoma City, OK 73169
18

19 and shall be accompanied by a letter identifying the case title, civil action number,

20 and name of this Court; Ken Patric Baccam, Precision Research, and/or Prim Group

21 as defendant/relief defendants in this action; and specifying that payment is made

22 pursuant to this Final Judgment.

23          Defendant Baccam and Relief Defendants Precision Research and Prim Group

24 shall simultaneously transmit photocopies of evidence of payment and case

25 identifying information to the Commission's counsel in this action.  By making this

26 payment, Defendant Baccam and Relief Defendants Precision Research and Prim

27 Group relinquish all legal and equitable right, title, and interest in such funds and no

28 part of the funds shall be returned to them.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant Baccam and Relief Defendants Precision Research and Prim Group shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Baccam shall pay a civil penalty in the amount of $203,756 to the Securities and Exchange Commission pursuant to Section 20(d)(1) of the Securities Act, 15 U.SC. § 77t(d)(1), and Section 21(d)(3)(A) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(A). Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant Baccam may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Baccam may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

| 1 | Enterprise Services Center |
| 2 | Accounts Receivable Branch |
| 3 | 6500 South MacArthur Boulevard |
|   | Oklahoma City, OK 73169 |

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ken Patric Baccam as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Baccam shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Baccam relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Baccam. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant Baccam shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the SEC's Complaint are true and admitted by Defendant Baccam, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendant Baccam under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Baccam of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

1

2   DATED:      6/8/17                _____

3                                    HONORABLE S. JAMES OTERO
                                     UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28