

**FILED**
**CLERK, U.S. DISTRICT COURT**

June 14, 2017

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____VPC_____ DEPUTY

**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PATRIC KEN BACCAM, a/k/a Khanh Sengpraseuth,<br><br>Defendant, and<br><br>PRECISION RESEARCH GROUP LLC, and PRIM GROUP LLC,<br><br>Relief Defendants. | Case No. 5:17-cv-00172-SJO (SPx)<br><br>**ORDER GRANTING FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT PATRIC KEN BACCAM, AND RELIEF DEFENDANT PRECISION RESEARCH GROUP LLC** |

1    This matter came to be heard upon the motion of Plaintiff Securities and

2  Exchange Commission ("SEC" or "Commission") for entry of a default judgment

3  against Defendant Patric Ken Baccam, a/k/a Khanh Sengpraseuth, and Relief

4  Defendant Precision Research Group LLC ("Precision Research") pursuant to Fed. R.

5  Civ. P. 55(b)(2) and Local Rule 55-1.  Dkt. No. 31.  The Court has considered all of

6  the evidence filed by the SEC in support of its motion and orders as follows:

7                                          **I.**

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

9  Commission's Motion for Entry of Default Judgment Against Defendant Baccam and

10 Relief Defendant Precision Research is **GRANTED**.

11                                         **II.**

12   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

13 Baccam is permanently restrained and enjoined from violating, directly or indirectly,

14 Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by

16 using any means or instrumentality of interstate commerce, or of the mails, or of any

17 facility of any national securities exchange, in connection with the purchase or sale of

18 any security:

19       (a)     to employ any device, scheme, or artifice to defraud;

20       (b)     to make any untrue statement of a material fact or to omit to state a

21       material fact necessary in order to make the statements made, in the light of the

22       circumstances under which they were made, not misleading; or

23       (c)     to engage in any act, practice, or course of business which operates or

24       would operate as a fraud or deceit upon any person.

25   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

26 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

27 binds the following who receive actual notice of this Final Judgment by personal

28 service or otherwise:  (a) Defendant Baccam's officers, agents, servants, employees,

1   and attorneys; and (b) other persons in active concert or participation with Defendant

2   Baccam or with anyone described in (a).

3                                              **III.**

4           IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

5   Defendant Baccam is permanently restrained and enjoined from violating Section

6   17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the

7   offer or sale of any security by the use of any means or instruments of transportation

8   or communication in interstate commerce or by use of the mails, directly or

9   indirectly:

10          (a)      to employ any device, scheme, or artifice to defraud;

11          (b)      to obtain money or property by means of any untrue statement of a

12                   material fact or any omission of a material fact necessary in order to make the

13                   statements made, in light of the circumstances under which they were made,

14                   not misleading; or

15           (c)     to engage in any transaction, practice, or course of business which

16                   operates or  would operate as a fraud or deceit upon the purchaser.

17          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

18   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

19   binds the following who receive actual notice of this Final Judgment by personal

20   service or otherwise:  (a) Defendant Baccam's officers, agents, servants, employees,

21   and attorneys; and (b) other persons in active concert or participation with Defendant

22   Baccam or with anyone described in (a).

23                                             **IV.**

24          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

25   Baccam is permanently restrained and enjoined from violating Section 15(a) of the

26   Exchange Act, 15 U.S.C. § 78o(a), by, directly or indirectly, making use of the mails

27   or any means or instrumentalities of interstate commerce to effect transactions in, or

28   to induce or attempt to induce, the purchase or sale of any security, without being

1   registered as a broker or dealer with the Commission, or being associated with a

2   broker or dealer that is registered with the Commission.

3       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

4   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

5   binds the following who receive actual notice of this Final Judgment by personal

6   service or otherwise:  (a) Defendant Baccam's officers, agents, servants, employees,

7   and attorneys; and (b) other persons in active concert or participation with Defendant

8   Baccam or with anyone described in (a).

9                                    **V.**

10      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

11  Defendant Baccam is prohibited from, directly or indirectly, including, but not

12  limited to, through any entity owned or controlled by Defendant Baccam,

13  participating in the issuance, purchase, offer, or sale of any security, provided,

14  however, that Defendant Baccam is not prohibited from purchasing or selling

15  securities listed on a national securities exchange for his own personal accounts.

16                                   **VI.**

17      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

18  Baccam and Relief Defendant Precision Research are liable, jointly and severally, for

19  $203,756, representing profits gained as a result of the conduct alleged in the SEC's

20  Complaint that is attributable to both Defendant Baccam and Relief Defendant

21  Precision Research, together with prejudgment interest thereon in the amount of

22  $29,881, for a total of $233,637.

23      Defendant Baccam and Relief Defendant Precision Research shall satisfy these

24  obligations by making payments to the Securities and Exchange Commission within

25  14 days after entry of this Final Judgment.  Defendant Baccam and Relief Defendant

26  Precision Research may transmit payment electronically to the Commission, which

27  will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may

28  also be made directly from a bank account via Pay.gov through the SEC website at

1   http://www.sec.gov/about/offices/ofm.htm.  Defendant Baccam and Relief Defendant

2   Precision Research may also pay by certified check, bank cashier's check, or United

3   States postal money order payable to the Securities and Exchange Commission,

4   which shall be delivered or mailed to

5

6          Enterprise Services Center
       Accounts Receivable Branch

7          6500 South MacArthur Boulevard
       Oklahoma City, OK 73169

8

9   and shall be accompanied by a letter identifying the case title, civil action number,

10   and name of this Court; Patric Ken Baccam, and/or Precision Research as

11   defendant/relief defendant in this action; and specifying that payment is made

12   pursuant to this Final Judgment.

13        Defendant Baccam and Relief Defendant Precision Research shall

14   simultaneously transmit photocopies of evidence of payment and case identifying

15   information to the Commission's counsel in this action.  By making this payment,

16   Defendant Baccam and Relief Defendant Precision Research relinquish all legal and

17   equitable right, title, and interest in such funds and no part of the funds shall be

18   returned to them.

19        The Commission shall hold the funds (collectively, the "Fund") and may

20   propose a plan to distribute the Fund subject to the Court's approval.  The Court shall

21   retain jurisdiction over the administration of any distribution of the Fund.  If the

22   Commission staff determines that the Fund will not be distributed, the Commission

23   shall send the funds paid pursuant to this Final Judgment to the United States

24   Treasury.

25        The Commission may enforce the Court's judgment for disgorgement and

26   prejudgment interest by moving for civil contempt (and/or through other collection

27   procedures authorized by law) at any time after 14 days following entry of this Final

28

1    Judgment.  Defendant Baccam and Relief Defendant Precision Research shall pay

2    post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3                                              **VII.**

4              IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

5    Baccam shall pay a civil penalty in the amount of $203,756 to the Securities and

6    Exchange Commission pursuant to Section 20(d)(1) of the Securities Act, 15 U.SC. §

7    77t(d)(1), and Section 21(d)(3)(A) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(A).

8    Defendant shall make this payment within 14 days after entry of this Final Judgment.

9              Defendant Baccam may transmit payment electronically to the Commission,

10   which will provide detailed ACH transfer/Fedwire instructions upon request.

11   Payment may also be made directly from a bank account via Pay.gov through the

12   SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Baccam may

13   also pay by certified check, bank cashier's check, or United States postal money

14   order payable to the Securities and Exchange Commission, which shall be delivered

15   or mailed to

16            Enterprise Services Center
17            Accounts Receivable Branch
              6500 South MacArthur Boulevard
18            Oklahoma City, OK 73169
19

20   and shall be accompanied by a letter identifying the case title, civil action number,

21   and name of this Court; Patric Ken Baccam as a defendant in this action; and

22   specifying that payment is made pursuant to this Final Judgment.

23            Defendant Baccam shall simultaneously transmit photocopies of evidence of

24   payment and case identifying information to the Commission's counsel in this action.

25   By making this payment, Defendant Baccam relinquishes all legal and equitable

26   right, title, and interest in such funds and no part of the funds shall be returned to

27   Defendant Baccam.  The Commission shall send the funds paid pursuant to this Final

28

1   Judgment to the United States Treasury.  Defendant Baccam shall pay post-judgment

2   interest on any delinquent amounts pursuant to 28 USC § 1961.

3                                          **VIII.**

4          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for

5   purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

6   11 U.S.C. § 523, the allegations in the SEC's Complaint are true and admitted by

7   Defendant Baccam, and further, any debt for disgorgement, prejudgment interest,

8   civil penalty, or other amounts due by Defendant Baccam under this Final Judgment

9   or any other judgment, order, consent order, decree, or settlement agreement entered

10  in connection with this proceeding, is a debt for the violation by Defendant Baccam

11  of the federal securities laws or any regulation or order issued under such laws, as set

12  forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

13                                         **IX.**

14         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

15  shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

16  Final Judgment.

17

18                                              *S. James Otero*

19  DATED:      June 14, 2017      _____

20                                          HONORABLE S. JAMES OTERO
                                            UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28